BAXTER, J., Concurring.
I agree fully with the majority’s reasoning and result on the narrow questions framed for our review. I write separately to highlight an issue presented by the particular circumstances of this case, but not offered for our consideration by the parties. In my view, a strong argument arises that, on the facts before us, there would have been no basis to quash the venire and restart jury selection even if defendant had sought to impose such a procedure.
As the majority explains, People v. Wheeler (1978) 22 Cal.3d 258 [148 Cal.Rptr. 890, 583 P.2d 748] held that if a party in a criminal case shows the opponent has used peremptory challenges for the purpose of excluding members of a “cognizable group” from the jury, “the court must then conclude that the jury as constituted fails to comply with the representative cross-section requirement . . . .” (Id. at p. 282.) The court must therefore “dismiss the jurors thus far selected” and “must quash any remaining venire,” because the complaining party “is entitled to a random draw from an entire venire—not one that has been partially or totally stripped of members of a cognizable group by the improper use of peremptory challenges. Upon such dismissal a different venire shall be drawn and the jury selection process may begin anew.” (Ibid.)
Later, in Batson v. Kentucky (1986) 476 U.S. 79 [90 L.Ed.2d 69, 106 S.Ct. 1712], the United States Supreme Court similarly ruled that the racially discriminatory use of peremptory challenges in a criminal case violates the federal Constitution. However, the high court expressly declined to specify how the states should implement its ruling, leaving to them the remedies to be employed. (Batson, at p. 99, fn. 24.) Still later, in People v. Willis (2002) 27 Cal.4th 811 [118 Cal.Rptr.2d 301, 43 P.3d 130], we acknowledged that the trial court has discretion to allow jury selection from the current venire to continue, but only “with the assent” of the successful Wheeler/Batson complainant. (Willis, at p. 821.)
Asked to do nothing else, the majority understandably applies the well-established assumption that a successful Wheeler/Batson complainant may either (1) insist on quashing the venire or (2) “assent,” through counsel, to a narrower solution. The majority’s analysis of what may constitute such “assent” is persuasive. However, I question why the complainant should have *190 any right at all to quash the venire where, as here, only one prospective juror is the subject of the Wheeler/Batson challenge, and it is possible to reseat that very same juror as soon as the Wheeler/Batson motion is granted. I see no logic or wisdom in a “right to quash” rule as applied to facts like those before us in the instant matter.
I understand the problem that arises when, as perhaps more commonly occurs, a Wheeler/Batson motion is granted only after a pattern of discriminatory excusáis has emerged. In this latter situation, several prospective jurors presumably will already have been wrongly dismissed and cannot be recalled. If that has happened, the representative nature of the venire has been irreparably distorted, and the status quo ante cannot be restored. Thus, there may be no fair alternative but to quash the venire and start over.
But in a case like this one, where the Wheeler/Batson motion is focused on the excusal of only one prospective juror, there is no attempt to show that other members of a cognizable group have already been improperly excused, and the juror in question has not been released from the courtroom, there may be no reason to cling to the notion that the venire must be quashed unless the complainant agrees otherwise. Under these circumstances, the notion that the venire has been irreparably tainted by improper excusals is questionable. Rather, it seems likely the status quo ante can be restored simply by reseating the single juror against whom the invalid peremptory challenge was exercised. By this means, the court can ensure that the jury venire has not “been partially or totally stripped of members of a cognizable group by the improper use of peremptory challenges.” (Wheeler, supra, 22 Cal.3d at p. 282.)
For these reasons, justice may well not require that a successful Wheeler/Batson complainant in such a case have the absolute right to quash the venire and restart jury selection from scratch with an entirely new panel of prospective jurors. Applied rigidly to the single-excusal situation, such a rule risks wasting judicial resources, squandering the jury pool, and contributing to the potential for delay and game playing that, in Willis, prompted us to modify Wheeler’s absolute insistence on this extreme remedy.
Neither Wheeler nor Willis addressed what remedies are available, as a matter of right, under the particular “single juror” situation presented by the facts of this case. It seems appropriate to consider this issue in a case where it is directly presented, and I am prepared to do so.
Cantil-Sakauye, C. J., concurred.